**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**PAMELA D. GILMORE**                                                                                          **PLAINTIFF**

v.                                                   **5:08CV00014 BD**

**MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration**                                                                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Pamela D. Gilmore, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by carpal tunnel syndrome, rheumatoid arthritis, fibromyalgia, and high blood pressure. (Tr. 75)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge[1] ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time from July 27, 2005,[2] through October 9, 2007, the date of his decision. (Tr. 19)  On December 18, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6)  Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

---

[1] The Hon. David J. Manley.

[2] The date of an ALJ's adverse decision on a previous application. (Tr. 13)  That decision was ultimately appealed to this Court, which affirmed. *Gilmore v. Astrue*, 5:06CV00080 SWW (Judgment, Sept. 17, 2007).

Plaintiff was 42 years old at the time of the hearing in this case. (Tr. 333) She had completed the eighth grade in school. (Tr. 79, 208, 334) She has past relevant work as a cashier and as an assembler. (Tr. 18, 57-63, 76-77, 81-82)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*,

§§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her earliest possible alleged onset date.  (Tr. 14)  He found that Plaintiff had a "severe" impairment, fibromyalgia.  *Id.*  He determined that she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 17)  He judged that Plaintiff's allegations regarding her limitations were not totally credible.  *Id.*

The ALJ found that Plaintiff retained the residual functional capacity to perform a full range of light work.  (Tr. 18)  He found that she was able to perform her past relevant work as a cashier.  *Id.*  Thus, the ALJ concluded that Plaintiff was not disabled.  *Id.*

Plaintiff argues that the ALJ's finding that she could perform a full range of light work is not supported by substantial evidence.  (Br. 7-11)  Plaintiff contends that he should have included restrictions related to her chronic shoulder problems in the residual functional capacity.  (Br. 9)  Plaintiff did not contend that she was limited in her ability to work by shoulder problems.  (Tr. 75)  Syed Ashfaq Hasan examined Plaintiff's shoulder in October of 2006.  (Tr. 234-36)  Physical examination revealed no obvious muscle atrophy.  (Tr. 235)  She had full overhead elevation with a somewhat painful arc.  *Id.*  He reviewed her MRI and told her that her rotator cuff appeared to be healed and that there was no need for surgical intervention.  (Tr. 239)

She also contends that the ALJ should have incorporated limited use of her hands in the residual functional capacity.  (Br. 9)  Eleanor A. Lipsmeyer, M.D., was Plaintiff's treating rheumatologist.  Dr. Lipsmeyer noted that Plaintiff had a full range of motion in all joints.  (Tr. 220) Plaintiff also had good grip and curl of the hands.  (Tr. 133, 137, 220)  Randy R. Bindra, M.D., examined her in October of 2006.  (Tr. 247-50) At that time, Plaintiff had full range of motion in the right wrist.  (Tr. 249)  There was no motor weakness

in the right hand. *Id.* She showed "several inappropriate signs" when tested for carpal tunnel syndrome on the right and on the left.

The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of her limitations. *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ's residual functional capacity determination was supported by substantial evidence.

Next, Plaintiff contends that the ALJ improperly discounted her credibility. (Br. 11-13) The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[3] (Tr. 16-17)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>   2. the duration, frequency and intensity of the pain;
>   3. precipitating and aggravating factors;
>   4. dosage, effectiveness and side effects of medication;
>   5. functional restrictions.

---

[3] The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529 and 416.929. (Tr. 16) That Ruling tracks <u>Polaski</u> and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, Plaintiff's daily activities, her variable work record, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, e.g., *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff told a physician that she exercised weekly, walking and doing sit-ups. (Tr. 249) She washed dishes and cleaned. (Tr. 360) She testified that she had five grandchildren that she saw every other day. (Tr. 344) She kept three of them for three-to-fours hours at a time; her daughter paid her for babysitting. (Tr. 344)

The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to

deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Finally, Plaintiff argues that the ALJ failed to develop the record regarding her documented mental impairment. (Br. 13-14)  There is evidence in the record that reflects that Plaintiff was seen by a social worker at Southeast Arkansas Behavioral Healthcare System, Inc., from April to December, 2006. (Tr. 196-207)  She was seen once, June 14, 2007, by Gary Wooten, M.D., a psychiatrist. (Tr. 208-09)  Plaintiff emphasizes that Dr. Wooten gave her a GAF (Global Assessment of Functioning) of 45. (Br. 14)  A GAF does not have a direct correlation to the severity requirements in mental disorders listings. 65 Fed.Reg. 50746, 50764-65 (2000).  Dr. Wooten diagnosed major depressive disorder, single episode, moderate to severe, and prescribed medication. (Tr. 209)  A first-time diagnosis or a single complaint, without consideration of the effects of prescribed medications or subsequent treatment, is an insufficient basis for inclusion in the hypothetical question.

Plaintiff asserts that the ALJ erred by not completing a Psychiatric Review Technique Form. (Br. 14)  The standardized form is now used only at the initial and reconsideration levels; at the ALJ hearing and Appeals Council levels, documentation of the application of psychiatric review technique is in the decision itself, rather than on a separate form.  20 C.F.R. §§ 404.1520a(e), 416.920a(e) (2007).  The ALJ properly documented the application of the psychiatric review technique in his decision. (Tr. 17, 19)

Plaintiff bears a heavy burden in showing the record has been inadequately developed; she must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007); *Robinson v. Astrue*, 2008 WL 312034 (E.D. Ark.).  It is of some relevance that Plaintiff's attorney did not obtain, or, as evidenced by the record, try to obtain, the items which Plaintiff now complains are not in the record. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th

Cir. 1993). Plaintiff has not demonstrated that she was prejudiced or treated unfairly by the manner in which the ALJ did or did not develop the record. *Id.* The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was sufficient.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED, this 4th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE